# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**06-0774**

**STATE OF LOUISIANA,
DEPARTMENT OF SOCIAL SERVICES,
BUREAU OF LICENSING**

**VERSUS**

**ADOPTIONS WORLDWIDE, INC.**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 2002-4418,
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**JIMMIE C. PETERS
JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Glenn B. Gremillion,
Judges.

**REVERSED AND REMANDED.**

**Anthony C. Caruso
Department of Social Services
Post Office Box 1887
Baton Rouge, LA 70821
(225)342-1110
COUNSEL FOR APPELLANT:**
         **State of Louisiana**

**Yul D. Lorio
Doucet Lorio, LLC
One Lakeshore Drive, Suite 1695
Lake Charles, LA 70629
(337) 433-0100**

**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Adoptions Worldwide, Inc.,**
    **Blaine Doucet and Angela Doucet**

PETERS, J.

For the second time in this litigation, the State of Louisiana, through the Department of Social Services (Department), appeals the trial court's dismissal of its petition for injunctive relief and assessment of fines pursuant to La.R.S. 46:1401, *et seq.*, the Child Care Facility and Child-Placing Agency Licensing Act (Act), on an exception. We again reverse the trial court's grant of the exception, a declinatory exception of lack of subject matter jurisdiction, and remand this matter for further proceedings.

## DISCUSSION OF THE RECORD

On September 9, 2002, the Department instituted this action against Adoptions Worldwide, Inc. and Blaine and Angela Doucet in their capacities as corporate directors.[1] In its initial action, the Department asserted that the defendants were operating an unlicensed child-placing agency in violation of the provisions of the Act, and sought to enjoin this activity and to recover statutory fines.[2] The defendants responded to this petition by filing, among other pleadings, a peremptory exception of no cause of action. The trial court granted that exception, and that judgment gave rise to the Department's first appeal.

In granting the exception of no cause of action and dismissing the Department's suit, the trial court concluded that there exists no statutory requirement for a child-placing agency to obtain a license. This court reversed the judgment and remanded the matter to the trial court for further proceedings. *State, Department of Social Services v. Adoptions Worldwide, Inc.*, 03-1674 (La.App. 3 Cir. 6/2/04), 878

---

[1]Blaine and Angela Doucet are husband and wife, and Blaine Doucet is an attorney at law.

[2]The Department sought to assess statutory fines from November 2, 2000, forward.

So.2d 778. In reversing the judgment, this court interpreted the Act to mean that child-placing agencies were subject to the licensing requirements of La.R.S. 46:1404.

On October 21, 2003, the Doucets dissolved Adoptions Worldwide, Inc. and Mr. Doucet began to operate his business under the trade name of Adoptions Worldwide, an unincorporated association, but through his legal limited liability company, Blaine A. Doucet, L.L.C., attorney at law. On March 7, 2003, the Department amended its petition to name Blaine and Angela Doucet as defendants in their individual capacities.[3]

In granting the exception of no cause of action which gave rise to the first appeal, the trial court did not consider a number of other pending exceptions, including an exception of lack of subject matter jurisdiction. On remand, the defendants argued that the trial court lacked subject matter jurisdiction because Mr. Doucet's conduct giving rise to the suit by the Department was in his capacity as an attorney at law and was not the operation of an adoption agency as defined by the Act. Specifically, they asserted that Mr. Doucet was engaged in the practice of law, specializing in matters relating to the adoption of children on both a domestic and international level. The defendants argued that because Mr. Doucet's business was that of the practice of law, the Louisiana Supreme Court had the exclusive jurisdiction to license and regulate his activity. The defendants further asserted that Mrs. Doucet was merely an employee of the law office.

The trial court heard testimony and argument on the exception on February 14, 2006, and, after completion of the testimony and argument, granted the exception and dismissed the Department's suit against all of the defendants. After the trial court

---

[3]With regard to the individual defendants, the Department sought the same injunctive relief, but sought statutory fines from November 2, 2002, instead of November 2, 2000.

2

signed a judgment to this effect on February 21, 2006, the Department perfected this appeal.

**OPINION**

"Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled." La.Code Civ.P. art. 1. Subject matter jurisdiction "is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." La.Code Civ.P. art. 2.

In the matter before us, the lack of subject matter jurisdiction is not apparent on the face of the Department's petitions. Thus, the burden is on the defendants to offer evidence in support of the exception. La.Code Civ.P. art. 930. The defendants did nothing more than establish Mr. Doucet's profession and the relationship between that profession and the complaint at issue. Based on that relationship, the defendants argued that Mr. Doucet is an attorney and not an adoption agency and can only be regulated by the Louisiana Supreme Court.

In its oral reasons for judgment, the trial court concluded that only Mr. Doucet's status as a lawyer precluded him from having to comply with the requirements of the Act because he was clearly functioning as an adoption agency. Addressing the jurisdictional issue, the trial court noted its prior experience in adoptions as a practicing attorney and stated the following:

> I was never required to be licensed [under the Act] because I was under the impression that I was always exempt, as I believe Mr. Doucet is exempt. I think that the area to control Mr. Doucet is with the Supreme Court, as far as engaging an improper practice of law. I find that this court has no jurisdiction over him insofar as engaging in the

3

adoption practice in which he does. So, I am going to sustain the exception of lack of subject matter jurisdiction.

In reaching its conclusion that lawyers are exempt from the licensing requirements of the Act, the trial court relied on the provisions of La.R.S. 46:1425(C) which exempts lawyers from certain advertising prohibitions contained in La.R.S. 46:1425(A). In effect, the trial court found that, if in his practice of law Mr. Doucet engaged in the placement of children for adoption, it had no jurisdiction over a suit to enjoin his child-placing operation for failure to obtain a license.

In reversing the trial court judgment, we note that what is before us is the review of a declinatory exception of lack of subject matter jurisdiction. Thus, we are limited in that review and cannot address the merits of the litigation. The specific question before us is not whether the defendants are required to obtain a license, but whether the trial court has jurisdiction to determine that issue after a trial on the merits. In concluding that the trial court does have subject matter jurisdiction, we do not reach the issues of whether the defendants are operating a child-placement agency or the nature of the exemption that Mr. Doucet enjoys by virtue of La.R.S. 46:1425. Those issues were improperly reached by the trial court in considering this exception and necessarily belong to the merits of the Department's entitlement to an injunction.

While it is true that La.Const. art. 5, § 5(B) provides that the Louisiana Supreme Court has exclusive original jurisdiction of disciplinary proceedings against a member of the bar, the action herein is not a disciplinary proceeding against Mr. Doucet as a member of the bar. Louisiana Constitution Article 5, § 16 provides that district courts have original jurisdiction over all civil matters, and simply because a civil case involves an attorney as a party does not mean that the supreme court has original and exclusive jurisdiction over the subject matter. Attorneys are subject to the same laws

4

as other citizens. Although a lawyer can engage in both the practice of law and the operation of a child-placing agency, they are two different vocations and each has licensing requirements. Whether both apply to an attorney operating a child-placing agency is a question for the merits, and since the defendants failed in their burden of proof to establish that the trial court did not have subject matter jurisdiction, we find that the trial court erred in granting that exception. *Hayden v. Schulte*, 97-0422, (La.App. 4th Cir.10/29/97), 701 So.2d 1354, *writ denied*, 97-2941 (La. 2/6/98), 709 So.2d 737. Accordingly, we reverse the judgment.

## DISPOSITION

For the foregoing reasons, we reverse the judgment of the trial court and remand the matter for further proceedings. We assess all costs of this appeal to Adoptions Worldwide, Inc. and Blaine and Angela Doucet.

**REVERSED AND REMANDED.**